JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

INMATE # AN5932

Larry Charles Cleveland

PLAINTIFF(S)

v.

P. Finander, et al.

DEFENDANT(S)

CASE NUMBER

2:17-cv-01893-DSF-GJS

**ORDER RE REQUEST TO PROCEED WITHOUT PREPAYMENT OF FILING FEES**

**IT IS ORDERED** that the Request to Proceed Without Prepayment of Filing Fees is hereby GRANTED.

**IT IS FURTHER ORDERED** that, in accordance with 28 U.S.C. § 1915, the prisoner-plaintiff owes the Court the total filing fee of $350.00. An initial partial filing fee of $ _____ must be paid within thirty (30) days of the date this order is filed. Failure to remit the initial partial filing fee may result in dismissal of the case. Thereafter, monthly payments shall be forwarded to the Court in accordance with 28 U.S.C. § 1915(b)(2).

_____
Date

_____
United States Magistrate Judge

**IT IS RECOMMENDED** that the Request to Proceed Without Prepayment of Filing Fees be **DENIED** for the following reason(s):

- ☐ Inadequate showing of indigency.
- ☐ Failure to authorize disbursements from prison trust account to pay filing fee.
- ☐ Failure to provide certified copy of trust fund statement for the last six (6) months.
- ☐ District Court lacks jurisdiction.
- ☐ Other _____

_____

Comments:
See attached.

- ☒ Frivolous, malicious, or fails to state a claim upon which relief may be granted.
- ☐ Seeks monetary relief from a defendant immune from such relief.
- ☒ Leave to amend would be futile.
- ☐ This denial may constitute a strike under the "Three Strikes" provision governing the filing of prisoner suits. *See O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008).

August 8, 2017
Date

_____
United States Magistrate Judge

**IT IS ORDERED** that the Request to Proceed Without Prepayment of Filing Fees is:

- ☐ **GRANTED. IT IS FURTHER ORDERED** that, in accordance with 28 U.S.C. § 1915, the prisoner-plaintiff owes the Court the total filing fee of $350.00. An initial partial filing fee of $ _____ must be paid within thirty (30) days of the date this order is filed. Failure to remit the initial partial filing fee may result in dismissal of the case. Thereafter, monthly payments shall be forwarded to the Court in accordance with 28 U.S.C. § 1915(b)(2).

- ☒ **DENIED**, and this case is hereby DISMISSED.

- ☐ **DENIED with leave to amend within 30 days.** Plaintiff may re-submit the IFP application and Complaint to this Court, if submitted with the Certified Trust Account Statement and Disbursement Authorization. Plaintiff shall utilize the same case number. If plaintiff fails to submit the required documents within 30 days this case shall be DISMISSED.

8/15/17
Date

_____
United States District Judge

CV-73P (12/14)    ORDER RE REQUEST TO PROCEED WITHOUT PREPAYMENT OF FILING FEES

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY CHARLES CLEVELAND,<br><br>Plaintiff<br><br>v.<br><br>P. FINANDER, ET AL.,<br><br>Defendants. | Case No. 2:17-cv-01893-DSF (GJS)<br><br>**ATTACHMENT TO RECOMMENDATION ON APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FILING FEES** |

**INTRODUCTION**

On June 24, 2017, after having his prior application to proceed without prepayment of the filing fees denied with leave to amend, Larry Charles Cleveland ("Plaintiff") submitted a second version of his complaint [Dkt. 12 ("First Amended Complaint" or "FAC")] under 42 U.S.C. § 1983, which alleges: Eighth Amendment claims against Doctors Finander, Chin, and Fitter, Correctional Officers Becker, Lois, and Jones, and Nurses Hughes, Alvarez, and Frances (all in their individual capacities); and a First Amendment claim against Fitter. Under 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c)(1), the Court screens this prisoner complaint to determine whether it must be dismissed as frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking relief against a defendant who is immune from suit. Here, denial of leave to proceed without prepayment of the filing fee is

1 appropriate. In addition, the Court recommends that the FAC be dismissed without

2 leave to amend and that this case be dismissed, for the reasons described below.

3 **GOVERNING STANDARD**

4     In screening a pro se civil rights complaint, the Court must construe its

5 allegations liberally and must afford the plaintiff the benefit of any doubt. *Wilhelm*

6 *v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012). The standard applicable on

7 screening is the standard for failure to state a claim under Rule 12(b)(6) of the

8 Federal Rules of Civil Procedure. *Id.* The complaint need not contain detailed

9 factual allegations, but must contain sufficient factual matter to state a claim for

10 relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell*

11 *Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has factual

12 plausibility when the plaintiff pleads factual content that allows the court to draw

13 the reasonable inference that the defendant is liable for the misconduct alleged."

14 *Iqbal*, 556 U.S. at 678. Conclusory allegations and unreasonable inferences,

15 however, are insufficient. *Sanders v. Brown,* 504 F.3d 903, 910 (9th Cir. 2007). If a

16 complaint is dismissed, a pro se litigant must be given leave to amend unless it is

17 absolutely clear that the deficiencies of the complaint cannot be cured by

18 amendment. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th

19 Cir. 1988); *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

20 **DISCUSSION**

21 **I.    Plaintiff Repleads An Eighth Amendment Claim Against Becker In**

22     **Violation Of The Court's Prior Screening Order.**

23     As a preliminary matter, the Court notes that on May 4, 2017, United States

24 District Judge Dale S. Fischer issued an Order dismissing Plaintiff's Eighth

25 Amendment claim against Becker *without leave to amend.* [*See* Dkt. 4 ("May

26 Order").] Although District Judge Fischer denied Plaintiff leave to re-assert a claim

27 against Becker in the FAC, Plaintiff has violated the May Order by re-alleging the

28 same dismissed Eighth Amendment claim against Becker as "Count Three" of the

FAC. Accordingly, the Court declines to screen "Count Three," which was
improperly included in the FAC.

## II.     The FAC Does Not State An Eighth Amendment Claim Against Finander, Chin, Frances, Fitter, Hughes, and/or Alvarez.

"Count One" of the FAC states that Finander, Chin, Frances, Fitter, Hughes, and Alvarez ignored or disregarded Plaintiff's medical requests. [FAC ¶ 55.] For ease of discussion, the Court summarizes the following relevant alleged facts:

- **Finander:** Plaintiff alleges that Finander, along with Frances and Chin, recommended to the Complex Case Committee that Plaintiff be taken off Coumadin. [FAC ¶ 119.] In March 2014, Plaintiff submitted several medical requests to Dr. Finander and Plaintiff's sister wrote a letter to Dr. Finander on March 27, 2014, describing Plaintiff's need for "anticoagulation medication." [FAC ¶¶ 131-147.] Dr. Finander responded to the March 27, 2014 letter, stating that Plaintiff "is not currently prescribed" anticoagulant medication. [FAC ¶ 145.] Plaintiff's "anticoagulation medication was denied to him for over one (1) year." [FAC ¶ 151.]

- **Chin:** Plaintiff's Eighth Amendment claim against Chin focuses on Chin's discontinuation of Plaintiff's Lovenox shot and increase of his Coumadin dosage without scheduling a follow-up visit with Plaintiff for 22 days, and the subsequent discontinuation of Plaintiff's Coumadin prescription. [FAC ¶¶ 38-58, 89-93.]

- **Frances:** In February 2014, Frances "took Plaintiff's blood pressure, [] ordered a blood draw, and urine test, and told Plaintiff that he was fine." [FAC ¶ 68, 71.] Plaintiff alleges that Frances, Plaintiff's primary care provider, ignored Plaintiff's symptoms of bleeding despite being aware of Plaintiff's previous episodes of rectal bleeding. [FAC ¶ 68-70, 72.] On March 5, 2014, Plaintiff again saw Frances who told Plaintiff that, "Dr. C. Chin, Dr. P. Finander and [Frances] submitted [Plaintiff's] case…to [the] CSP-LAC Complex Case

Committee to determine if [Plaintiff's] Coumadin should be stopped." [FAC ¶ 119.] Frances told Plaintiff that the committee decision was to discontinue Plaintiff's Coumadin prescription. [FAC ¶ 124-125.]

- **Fitter:** On December 23, 2014, Plaintiff had a medical visit with Fitter. Fitter told Plaintiff, "[y]ou are the one who filed a complaint against my coleague's [sic] to the medical board." [FAC ¶ 161.] Plaintiff alleges that Fitter knew that Plaintiff was prescribed pain medication for neuropathic pain in his right hand, from an injury he sustained in 2012, when his hand went through a window. [FAC ¶¶ 172-173.] Fitter discontinued Plaintiff's methadone medication that he had been taking since 2013 for "failure to comply with orders to see doctor" and did not prescribe an alternate pain medication. [FAC ¶ 176.] Plaintiff previously cancelled a medical appointment and was warned by Dr. Fitter that his medication could be discontinued if he refused to see the doctor. [FAC at ¶¶ 159-160.] Plaintiff asserts that the pain medication is "extremely important for pain relieve [sic]."

- **Hughes:** Plaintiff told Hughes that he was spitting up blood and not feeling well and was told to fill out a "medical request." Hughes ignored instructions from Chin and Finander that they be contacted if Plaintiff exhibited signs of "bleeding from mouth, nose, urine, or anus." [FAC ¶¶ 59-66.]

- **Alvarez:** On February 24, 2014, Plaintiff returned to the medical infirmary with a nosebleed and was told by Alvarez to fill out a medical request. [FAC ¶ 73-74.] Alvarez told Plaintiff, "you look alright to me." [FAC ¶ 79.]

**A. Defendants Chin, Frances, Hughes, and Alvarez**

The FAC alleges ***no new facts*** against Chin, Frances, Hughes, or Alvarez. In the May order dismissing the original Complaint for failure to state a claim, Plaintiff was advised that a medical provider is not required to follow "patient instructions" provided by another doctor, instead of pursuing a different course of treatment based on his/her own medical judgment. A difference of opinion between an inmate and

4

1    medical staff, or among the inmate's physicians, as to the nature of appropriate
2    medical treatment is insufficient, as a matter of law, to constitute the deliberate
3    indifference required to state a cognizable Eighth Amendment claim.  *See Wilhelm*
4    680 F.3d at 1122; *Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir. 2004); *Jackson*
5    *v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996); *Franklin v. State of Oregon,* 662 F.2d
6    1337, 1344 (9th Cir. 1981).  "Mere 'indifference,' 'negligence,' or 'medical
7    malpractice' will not support this [claim]."  *Lemire v. California Dep't of Corr. &*
8    *Rehab.*, 726 F.3d 1062, 1082 (9th Cir. 2013) (internal citations omitted).  The FAC,
9    like the original Complaint, does not allege any facts in from which it could be
10   found that the care Plaintiff received from the various doctors and nurses was
11   medically unacceptable. *Toguchi*, 391 F.3d at 1058.  As currently pled, Plaintiff
12   alleges, at most, possible negligence on the part of these Defendants, which does not
13   rise to the level of the deliberate indifference required to state an Eighth
14   Amendment violation, given that the FAC falls short of alleging facts from which
15   the inference could be drawn that these Defendants actually possessed the requisite
16   "sufficiently culpable state of mind."  *Clement v. Gomez*, 298 F.3d 898, 904 (9th
17   Cir. 2002).
18       Plaintiff was previously given notice of these defects and leave to amend to
19   include all additional facts, consistent with his obligations under Federal Rule of
20   Civil Procedure 11, that he could allege to satisfy the pleading requirements
21   described above.  Given that Plaintiff has failed to plead any additional facts, the
22   Court can only assume that he cannot do so.  Indeed, nothing in the original
23   Complaint or FAC suggests that he can do so.  Accordingly, the Court recommends
24   that Plaintiff's Eighth Amendment claim against Chin, Frances, Hughes, and
25   Alvarez be dismissed without leave to amend and with prejudice.
26       **B. Defendant Finander**
27       Plaintiff seeks to hold Finander liable under the theory of supervisory
28   liability.  In the May Order, Plaintiff was advised that vicarious liability is not

1    applicable in a Section 1983 action.  *Iqbal*, 556 U.S. at 675-676.  Thus, "a plaintiff

2    must plead that each Government official Defendant, through the official's own

3    individual actions, has violated the constitution."  *Id.* at 676.  Here, Plaintiff alleges

4    that he submitted several medical requests to Finander, the Chief Medical Physician.

5    In addition, Plaintiff's sister wrote a letter to Finander on March 27, 2014,

6    describing Plaintiff's need for "anticoagulation medication."  [FAC ¶¶ 131-147.]

7    Finander responded to the March 27, 2014 letter, stating that Plaintiff "is not

8    currently prescribed" anticoagulant medication.  [FAC ¶ 145.]  Plaintiff states that

9    his "anticoagulation medication was denied to him for over one (1) year."  [FAC ¶

10   151.]

11        The FAC also fails to state any basis for finding Finander liable under the

12   Eighth Amendment as a supervisor.  These facts, even if proven, are insufficient t to

13   show that Finander personally violated the Eighth Amendment.  As noted above, the

14   FAC fails to plead an Eighth Amendment violation on the parts of  Chin, Frances,

15   Hughes, or Alvarez regarding Plaintiff's anticoagulation medications.  Thus, there is

16   no underlying constitutional deprivation for the supervisor to have participated in or

17   which could serve as a basis for Finander's liability.  *See Lacey v. Maricopa Cty.*,

18   693 F.3d 896, 935 (9th Cir. 2012) (in a Section 1983 suit, "there must always be an

19   underlying constitutional violation.").  Accordingly, this claim also warrants

20   dismissal without leave to amend and with prejudice.

21        **C. Defendant Fitter**

22            **1.    Eighth Amendment Claim Against Fitter**

23        Plaintiff previously alleged under penalty of perjury in his verified original

24   Complaint that, during a medical visit on December 23, 2014, Fitter told Plaintiff,

25   "[y]ou are the one who filed a complaint against my colegue's [sic] to the medical

26   board."  [*See* Dkt. 1 ("Compl.") ¶ 142.]  Fitter then ordered lab tests and

27   discontinued Plaintiff's morning and evening pain medication.  Plaintiff believes

28   that his pain medication was discontinued "intentionally to cause Plaintiff pain and

6

suffering." [Compl. ¶¶ 146-147.] After Plaintiff filed a complaint, Fitter "falsified Plaintiff's medical records" when detailing "his reason for discontinu[ing] Plaintiff's pain medication." [Compl. ¶ 151.]

The Court advised Plaintiff in the May Order that he did not allege any facts in the Complaint from which it could be found that the care he received from Fitter was medically unacceptable. *Toguchi*, 391 F.3d at 1058. However, the Court gave Plaintiff leave to replead this claim to include any additional relevant facts, consistent with his obligations under Federal Rule of Civil Procedure 11, regarding this office visit. [May 4 Order at p. 10.]

In the FAC, Plaintiff omitted the sworn fact and allegation that Fitter ordered lab tests during the December 23, 2014 office visit. Instead, Plaintiff alleges that Fitter knew that Plaintiff was prescribed pain medication for neuropathic pain in his right hand, from an injury he sustained in 2012, when his hand went through a window. [FAC ¶¶ 172-173.] Fitter discontinued Plaintiff's methadone medication that he had been taking since 2013 for "failure to comply with orders to see doctor" and did not prescribe an alternate pain medication. [FAC ¶ 176.] Plaintiff admits that he cancelled a medical appointment and was warned by Dr. Fitter that his medication could be discontinued if he refused to see the doctor. [FAC at ¶¶ 159-160.] Plaintiff alleges that his prescription pain medication is "extremely important for pain relieve [sic]," but does not allege that the discontinuation of the pain medication actually resulted in any harm to Plaintiff. [FAC ¶ 173.]

In order to state a plausible Eighth Amendment claim for improper denial of medical care, Plaintiff was required to allege that Fitter: (1) personally participated in the alleged misconduct, (2) was deliberately indifferent to Plaintiff's serious medical needs, and (3) caused the deprivation/harm. Construing the allegations of the FAC liberally, the Court finds that Plaintiff has adequately alleged that Fitter was subjectively aware of Plaintiff ongoing prescription for methadone to treat his neuropathic pain in his right hand. The FAC allegations are vague enough that,

1   standing alone, they could give rise to an inference that the discontinuance of

2   Plaintiff's prescription pain medication was arbitrary and therefore in conscious

3   disregard of any risk to Plaintiff's health.  However, the Court declines to interpret

4   the FAC to give rise to such an inference, because such an interpretation would be

5   contradictory to Plaintiff's prior sworn statement that Fitter ordered a series of tests

6   during this medical appointment.  [*See* Compl. ¶¶ 146-147.]  In addition, and

7   critically, Plaintiff does not allege that he suffered any harm by not taking

8   methadone.

9        For these reasons, the Court finds the Eighth Amendment claim against Fitter

10  is insufficient to state a cognizable claim for deliberate indifference to Plaintiff's

11  serious medical needs.  *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  As this

12  is Plaintiff's second attempt to assert an Eighth Amendment claim against Dr. Fitter,

13  and Plaintiff chose to carefully omit sworn facts that would again cause his claim to

14  be dismissed, rather than to allege additional facts, as ordered, to satisfy the pleading

15  requirements set forth above, the Court does not believe that Plaintiff can allege any

16  additional facts, consistent with his Federal Rule of Civil Procedure 11 obligation,

17  which would render this claim cognizable.  Accordingly, the Court recommends that

18  Plaintiff's Eighth Amendment claim against Fitter be dismissed without leave to

19  amend and with prejudice.

20  **2.    First Amendment Retaliation Claim Against Fitter**

21       Plaintiff's second claim against Fitter ("Count Two") alleges that Fitter

22  falsified Plaintiff's medical report and discontinued Plaintiff's pain medication,

23  because Plaintiff filed a grievance against other doctors.  [FAC ¶¶ 161-168.]

24       "Within the prison context, a viable claim of First Amendment retaliation

25  entails five basic elements: (1) an assertion that a state actor took some adverse

26  action against an inmate (2) because of (3) that prisoner's protected conduct, and

27  that such action (4) chilled the inmate's exercise of his First Amendment rights and

28  (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v.*

*Robinson,* 408 F.3d 559, 567–68 (9th Cir. 2005) (internal footnote omitted).  A retaliation claim is not plausible if there are "more likely explanations" for the action.  *Iqbal*, 556 U.S. at 681.  Here, Plaintiff conclusory alleges that Fitter's reason for discontinuing the pain medication was false, but does not explain why he believes the reason to be false, which is critical given that he admits that he cancelled a doctor's appointment shortly before his medication was discontinued, and was warned this might happen if he did not see a doctor.  Moreover, Plaintiff also does not allege that he suffered any harm because of the modification of Plaintiff's medication.  Finally, and critically, Plaintiff does not allege any facts suggesting that Fitter's actions chilled Plaintiff's exercise of his First Amendment rights—a defect that is fatal to Count Two.

Plaintiff was given notice of these defects and leave to amend to include all additional facts, consistent with his obligations under Federal Rule of Civil Procedure 11, that he could allege to satisfy the pleading requirements described above.  As this is Plaintiff's second attempt to assert a First Amendment claim against Dr. Fitter, the Court does not believe that Plaintiff can state such a claim against him.  Accordingly, the Court recommends that Plaintiff's First Amendment retaliation claim against Fitter be dismissed without leave to amend and with prejudice.

**III.    The Complaint Does Not State An Eighth Amendment Claim Against Lois And Jones.**

Plaintiff's fourth claim ("Count Four") is an Eighth Amendment deliberate indifference claim against Lois and Jones.  [FAC ¶¶ 97-115.]

The FAC includes a truncated version of the Eighth Amendment claim against Lois and Jones detailed in the original Complaint.  [*Compare* Compl. ¶¶ 84-108 and FAC ¶¶ 97-106.]  In the FAC, Plaintiff alleges that, on March 2, 2014, three days after seeing Chin, Plaintiff noticed blood in his stool.  [FAC ¶ 97.]  Plaintiff asked a fellow inmate to "yell" to the control booth officer that Plaintiff needed

medical attention. [*Id*.] When Lois and Jones arrived, Plaintiff informed them that he was bleeding from his rectum. [FAC ¶ 101.] Lois and Jones told Plaintiff his medical situation would have to wait until after the "count." [FAC ¶ 103.] Plaintiff alleges that Lois and Jones "never returned with medical" but alleges that Nurse Ingram subsequently arrived at his cell and examined Plaintiff. [FAC ¶¶ 106-115.] Plaintiff alleges that he had to wait over five hours for medical attention. [FAC ¶ 107.]

"Deliberate indifference to the serious medical needs of an inmate is 'cruel and unusual punishment' under the Eighth Amendment." *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (*citing Estelle v. Gamble*, 429 U.S. 97, 104-06 (1976)). This test includes "both an objective standard—that the deprivation was serious enough to constitute cruel and unusual punishment—and a subjective standard—deliberate indifference." *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014) (internal citation omitted). A prison official acts with deliberate indifference if he "knows of and disregards an excessive risk to inmate health," *i.e.*, if the official is "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists", and also "draw[s] the inference." *Peralta v. Dillard*, 744 F.3d 1076, 1082, 1086 (9th Cir. 2014) (*quoting Farmer*, 511 U.S. at 837). The "deliberate indifference" prong requires "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." *Lemire*, 726 F.3d at 1081 (internal citation omitted).

The FAC falls short of alleging facts from which the inference could be drawn that Lois and Jones (1) engaged in culpable action themselves; (2) actually possessed the requisite sufficiently culpable state of mind; and (3) caused the deprivation of a federal right. First, the facts as presently alleged, do no plead actions (or inactions) taken by Lois and Jones that constitute culpable action. Plaintiff alleges only that Lois and Jones "never returned with medical." However, Plaintiff also alleges that when the nurse arrived at Plaintiff's cell, "Jones []

10

approached and informed Nurse Ingram that he personally seen [sic] the blood in the toilet." [FAC ¶ 113.] Accordingly, it appears that at least Jones was present when the nurse arrived. In any event, the asserted failure of two officers to be present when Plaintiff was medically examined does not implicate the Eighth Amendment. In addition, to the extent Plaintiff is alleging undue delay in receiving medical treatment, there are no facts suggesting that Plaintiff's condition was so urgent that waiting for the count to be completed constituted cruel and unusual punishment. Rather, Plaintiff alleges that he routinely checked for blood in his stool before going to medical to get his medication. [FAC ¶¶ 23-25.] Accordingly, Plaintiff has not alleged sufficient facts to show that these two Defendants purposefully failed to respond to Plaintiff's serious medical need and caused Plaintiff harm by their indifference. As currently pled, Plaintiff alleges, at most, arguable negligence on the part of Lois and Jones, if even that.

The Court again notes that Plaintiff was previously given leave to amend to add any additional facts surrounding the March 2, 2014 incident. Plaintiff's FAC is far less detailed than the original Complaint and *includes no new facts*. Rather, the FAC cleverly omits sworn facts that the Court alluded to its in pervious screening order as reasons why the claim is not cognizable.[1] Given that Plaintiff has failed to provide any additional information, the Court can only assume that further

---

[1] Plaintiff previously alleged under penalty of perjury in his verified original Complaint that Lois and Jones told Plaintiff they would call medical after the "count." [*See* Compl. ¶ 92.] Around 6:45-7:00 p.m., Jones returned to Plaintiff's cell and told Plaintiff, "'I thought my partner had called medical at 3:30 p.m., before we left to go cell-feed,' and ran over to the phone and called medical." [Compl. ¶ 96.] Jones then told Plaintiff, "I called medical, and they said the nurse is doing her arounds [sic], and is in building 4 and would be coming to building 5 next." [Compl. ¶ 97.] However, Jones "failed to push his alarm pursuant to his policies and procedures." [*Id.*] The Court relied on these sworn allegations in the May 4 Order in finding the claim not cognizable. It is thus telling that Plaintiff subsequently omitted these previously alleged, under penalty of perjury, allegations from the FAC.

amendment would be futile.  Thus, this claim also warrants dismissal without leave to amend and with prejudice.