UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY CHARLES CLEVELAND,<br><br>Plaintiff<br><br>v.<br><br>DR. CORINA NGO CHIN, et al.,<br><br>Defendants. | Case No. 2:17-cv-01893-DSF (GJS)<br><br>**MEMORANDUM AND ORDER DISMISSING ACTION WITHOUT PREJUDICE FOR LACK OF PROSECUTION** |

**INTRODUCTION**

On March 9, 2017, Plaintiff Larry Cleveland filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 [Dkt. 1]. After screening, the Court ordered service of Plaintiff's First Amended Complaint to which Defendant filed an answer. [Dkts. 32, 57.] On April 15, 2020, Plaintiff filed a notice of change of address in a separate case indicating that he is no longer in prison and requesting that all legal documents be forwarded to his updated address on record. *See Cleveland v. Warden*, Case No. 2:19-cv-9730 DSF-GJS, Dkt. 10 (C.D. Cal). Accordingly, the Clerk of the Court updated Plaintiff's address in the instant case.

On July 14, 2020, the Court referred this case to the ADR settlement program and ordered the parties to coordinate with the ADR prisoner settlement coordinator

1   by August 28, 2020 on possible settlement conference dates. [Dkt. 58.] By email to
2   the Court on August 27, 2020, the ADR settlement coordinator notified the Court
3   that Plaintiff has not responded to her efforts to reach him to schedule a settlement
4   conference. Specifically, Plaintiff failed to respond to letters sent to his updated
5   address on June 20, 2020 and July 16, 2020.

6       Due to the lack of response, on August 27, 2020, the Court issued an Order to
7   Show Cause why Plaintiff's case should not dismissed for failure to prosecute
8   ("OSC"). [Dkt. 59.] Plaintiff was ordered to respond to the OSC by September 8,
9   2020. The Court cautioned Plaintiff that his failure to timely respond to the OSC
10   would result in a recommendation of dismissal of this action for lack of prosecution.

11       Plaintiff did not respond to the OSC by the September 8, 2020 deadline as
12   ordered, and Plaintiff has failed to respond to correspondence from the ADR
13   settlement coordinator. Indeed, the Court has not received any response or other
14   communication from Plaintiff since he submitted his change of address on April 15,
15   2020.

## DISCUSSION

17     It is well established that a district court has authority to dismiss a party's action
18   because of his or her failure to prosecute or to comply with court orders. See Fed.
19   R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30, 82 S. Ct. 1386, 8
20   L. Ed. 2d 734 (1962) (a court's authority to dismiss for lack of prosecution is
21   necessary to prevent undue delays in the disposition of pending cases and to avoid
22   congestion in the calendars of the district courts); *Pagtalunan v. Galaza*, 291 F.3d
23   639, 642 (9th Cir. 2002) (weighing factors); *Ferdik v. Bonzelet*, 963 F.2d 1258,
24   1260 (9th Cir. 1992) (a district court may dismiss an action for failure to comply
25   with any order of the court).

26     In *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988), the Ninth Circuit
27   affirmed the district court's dismissal of a case for failure to prosecute. The Ninth
28   Circuit cited the following factors as relevant to the district court's determination of

whether dismissal of a pro se party's action for failure to prosecute is warranted: "'(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions.'" *Id.* at 1440 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).

In this case, Plaintiff has failed to communicate with the Court as directed and failed to respond to the Court's August 27, 2020 OSC. Plaintiff's failure to follow the Court's orders and to prosecute his case has caused this action to languish, impermissibly allowing plaintiff to control the pace of the docket rather than the Court. *See Pagtalunan*, 291 F.3d at 642 ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants."). Plaintiff's conduct indicates that he does not intend to litigate this action diligently, or at all. Thus, the first and second factors weigh in favor of dismissal. *See Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("[T]he public's interest in expeditious resolution of litigation always favors dismissal.").

A rebuttable presumption of prejudice to an opposing party arises when a party unreasonably delays prosecution of an action. *See In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994). Nothing suggests that such a presumption is unwarranted here. Where a party offers a poor excuse for failing to comply with a court's order, the prejudice to the opposing parties is sufficient to favor dismissal. *See Yourish*, 191 F.3d at 991-92. Here, Plaintiff has not offered any excuse for his failure to comply with the Court's orders. Further, "[u]nnecessary delay inherently increases the risk that witnesses' memories will fade and evidence will become stale." *Pagtalunan*, 291 F.3d at 643 (*citing Sibron v. New York*, 392 U.S. 40, 57, 88 S. Ct. 1889, 20 L. Ed. 2d 917 (1968)). Thus, the third factor also weighs in favor of dismissal.

It is a Plaintiff's responsibility to move a case toward a disposition at a reasonable pace and to avoid dilatory and evasive tactics. *See Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991). By failing to respond to requests from the Court's ADR settlement coordinator, and by failing to respond to the Court's August 27, 2020 OSC, Plaintiff has not discharged this responsibility. In these circumstances, the public policy favoring resolution of disputes on the merits does not outweigh Plaintiff's failure to comply with Court orders or move the case forward.

The fifth factor, the availability of less drastic sanctions, ordinarily counsels against dismissal. "Alternative sanctions include: a warning, a formal reprimand, placing the case at the bottom of the calendar, a fine, the imposition of costs or attorney fees, the temporary suspension of the culpable counsel from practice before the court, . . . dismissal of the suit unless new counsel is secured [,] . . . preclusion of claims or defenses, or the imposition of fees and costs upon plaintiff's counsel. . . ." *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 132 n.1 (9th Cir. 1987) (citation and internal quotation omitted). In the instant case, however, each of these possibilities is either inappropriate for a pro se litigant proceeding in forma pauperis under the PLRA or has already been employed with no apparent effect.

The Court attempted to avoid dismissal by: (1) issuing an OSC in which the Court warned Plaintiff that failure to timely respond to the OSC would result in a recommendation of dismissal of this action without prejudice; and (2) waiting three weeks beyond the deadline to respond to the OSC before issuing this order. As there appears to be no less drastic sanction than dismissal without prejudice now available, the fifth factor weighs in favor of dismissal. Based on the foregoing, dismissal of this action without prejudice is warranted for failure to prosecute and to obey court orders.

///

///

**CONCLUSION**

IT IS THEREFORE ORDERED that Judgment shall be entered dismissing this action without prejudice.

IT IS SO ORDERED.

DATED: September 30, 2020

_____
Honorable Dale S. Fischer
UNITED STATES DISTRICT JUDGE

Presented by:

_____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE